UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60589-CIV-DIMITROULEAS

CARL SHELL,

                                                        Magistrate Judge Rosenbaum

    PLAINTIFF,

vs.

UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

    DEFENDANT.
_____/

**<u>ORDER DENYING CONSOLIDATION</u>**

THIS CAUSE is before the Court upon Plaintiff's Motion to Consolidate Cases, filed herein on July 1, 2008. [DE-26]. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

In the instant Motion, Plaintiff seeks to consolidate the above-styled action with a pending case, Case No. 08-60588-CIV-COHN.[1] Case No. 08-60588 was filed by Judy Copeland on April 24, 2008 against Defendant United States Department of Housing and Urban Development ("HUD").[2] That case alleges similar claims as the instant action–a failure of HUD

---

[1] The Court notes that a similar motion was filed in that action. [DE-14] in Case No. 08-60588.

[2] The Court notes that the above-styled action was filed on the same day. The Court further notes that Plaintiff Shell has previously appeared in an action on Ms. Copeland's behalf and in that action, the Court conducted a hearing on the defendants' motion for an order to show cause why Mr. Shell should not be sanctioned for the unlicensed practice of law. Based on representations by Mr. Shell that he would no longer provide legal advice to Ms. Copeland, that Court declined to enter sanctions against Mr. Shell. However, the Order went on to indicate that Mr. Shell could not in any way provide legal advice, including drafting claims, demands, or pleadings on behalf of Ms. Copeland. <u>See</u> Case No. 07-60818-CIV-JORDAN (S.D. Fla. Oct. 31, 2007) [DE-72].

to investigate the termination of Section 8 housing benefits. In the instant Motion, Plaintiff argues for consolidation as the cases involve the same Defendant and the same issues.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In applying this discretionary standard to the present motion, the Court concludes that consolidation is not appropriate at this time. Though the two cases raise similar issues against the same Defendant, they are brought by different Plaintiffs in regards to termination of Section 8 housing benefits that occurred on two separate dates, for two separate residences, and on different grounds. Attached to Plaintiff's Complaint was a September 23, 2004 letter from the Hollywood Housing Authority indicating that his Section 8 Assistance voucher would be terminated effective September 30, 2004 due to his eviction from his former residence at 5832 SW 27th Street, Apartment #2, Hollywood, Florida 33023. The eviction was stated to be due to a refusal to vacate the premises after the landlord terminated the lease, along with other lease violations. In contrast, attached to Ms. Copeland's Complaint is a letter, dated January 7, 2004, indicating that her Section 8 Assistance voucher would be terminated effective January 31, 2004, due to her eviction from her former residence at 6328 SW 27th Street, Apartment #1, Miramar, Florida. The eviction was stated to be due to a failure to pay rent. Therefore, the Court does not find consolidation warranted as the two cases are premised on differing facts. The Court further notes that Judge Cohn reached the same conclusion and has denied the Motion to Consolidate in Case No. 08-CIV-60588 (DE-19, S.D. Fla. July 2, 2008).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Consolidate Cases [DE-26] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of July, 2008

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Carl Shell, pro se
2037 Madison Street
Apartment #2
Hollywood, FL 33020

Counsel of record